[Cite as *Riegel v. Bowman*, 2017-Ohio-7388.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JOHN CURTIS RIEGEL

     Plaintiff-Appellee

-vs-

BRANDY LEIGH (RIEGEL) BOWMAN

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 17 CAF 01 0006


O P I N I O N



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 04 DR A 04 0157 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | August 30, 2017 |


APPEARANCES:

For Plaintiff-Appellee

ANTHONY M. HEALD
125 North Sandusky Street
Delaware, Ohio 43015

For Defendant-Appellant

STEWART E. ROBERTS
PO Box 796
Hilliard, Ohio 43026

*Wise, John, J.*

**{¶1}** Appellant Brandy Leigh Riegel nka Bowman appeals from a post-decree decision by the Delaware County Court of Common Pleas, Domestic Relations Division, re-allocating parental rights in favor of Appellee John Curtis Riegel, her former husband. The relevant facts leading to this appeal are as follows.

**{¶2}** Appellant Brandy and Appellee John were married in July 2002. One child, E.R., was born of the marriage in 2003.

**{¶3}** On April 19, 2004, Appellee John filed a complaint for divorce. Appellant Brandy filed an answer and counterclaim on May 18, 2004. Pursuant to a magistrate's temporary order issued June 9, 2004, appellant was granted custody of E.R. pending a scheduled divorce trial.

**{¶4}** On July 12, 2005, following said trial, the trial court issued a final decree of divorce. Among other things, appellant was designated the residential parent and legal custodian of E.R., who turned age two shortly before the date of the decree.

**{¶5}** Appellant subsequently remarried and relocated with her new husband and E.R. to North Dakota. It appears the move was based on appellant's new husband's need to find specific employment in the aircraft manufacturing industry.

**{¶6}** Appellee also remarried after the divorce, but remained in Ohio.

**{¶7}** A judgment entry permitting the move to North Dakota, denying appellee's motion for custody, and addressing visitation issues was filed in the trial court on December 12, 2008. Appellee filed a notice of appeal to this Court (case number 09 CAF 01 0002), but we dismissed the appeal for want of prosecution on March 12, 2009.

{¶8} Due to the 2008-2009 recession, appellant's husband was downsized from his North Dakota job. He located new employment with a defense contractor in Arizona. Appellant and E.R. relocated with him; however, appellant did not notify the trial court or appellee of same.

{¶9} On September 2, 2010, following a motion by appellee, the trial court issued an agreed judgment entry modifying appellee's visitation schedule.

{¶10} In August 2014, appellant and E.R., along with appellant's husband and the couple's three younger sons (ages eight, six, and one-and-a-half as of the trial date), moved from Arizona to Fairfield County, Ohio. By that time, appellee and his wife were living in Lucas County, Ohio.

{¶11} On November 17, 2014, appellant moved to modify parenting time and child support. On November 21, 2014, appellee filed for custody.

{¶12} Attorney Delilah Nunez was appointed as guardian ad litem via an order dated January 21, 2015. On July 17, 2015, the guardian ad litem filed a fifteen-page report and recommendation. In her conclusion, she recommended *inter alia* that appellant remain the residential parent and legal custodian of E.R.

{¶13} The matter came on for an evidentiary hearing before a domestic relations magistrate on December 7 and 8, 2015. Both parties appeared with counsel, along with the guardian ad litem. At the hearing on December 7, 2015, the magistrate commenced the proceedings by noting: "We are here for trial on [appellant's] motion to modify the parenting schedule, motion to modify child support[,] and [appellee's] motion to reallocate parental rights and responsibilities." Tr. at 6. The magistrate than stated to appellant's counsel: "It was the [appellant's] motions that were filed first, so you may

proceed, Mr. Roberts." *Id.* After opening statements, appellant's counsel called Paul Bowman, appellant's husband. Tr. at 15. Next, appellee was called as if on cross-examination. Tr. at 43. The next witness called was Connie Blaine, appellant's mother. Tr. at 72. Appellant's counsel then called appellant herself. Tr. at 86. Appellant's counsel lastly called the GAL, Delilah Nunez. Tr. at 183. Appellee's counsel then called appellee on direct examination. Tr. at 212. Appellee remained on the stand when the proceedings resumed briefly and were then concluded on December 8, 2015.

{¶14} The magistrate also conducted an *in camera* interview with E.R., with the participation of the guardian ad litem only, on December 8, 2015.

{¶15} On May 26, 2016, the magistrate issued her decision which, among other things, ordered that appellee be named the residential parent and legal custodian of E.R., contrary to the GAL's recommendation.

{¶16} On June 7, 2016, appellant filed objections to the magistrate's decision. On August 2, 2016, following the preparation of a transcript, appellant filed supplemental objections to the magistrate's decision.

{¶17} On August 8, 2016, appellant filed a "motion for further investigation," essentially seeking an updated report by the guardian ad litem. Among other things, appellant noted that the GAL had not observed the house in Toledo appellee had recently purchased.

{¶18} On September 1, 2016, having obtained an extension of time from the trial court, appellee filed his memorandum in response to the objections. On September 9, 2016, appellant filed a reply brief.

**{¶19}** On December 30, 2016, the trial court issued a judgment entry approving and adopting the decision of the magistrate. Specifically, the court thereby denied appellant's motion to modify parenting schedule (visitation), denied appellant's motion to modify child support, and granted appellee's motion to reallocate parental rights and responsibilities, making appellee the residential parent and legal custodian of E.R. The court also denied appellant's motion for further investigation.

**{¶20}** Appellant filed a notice of appeal on January 27, 2017. She herein raises the following five Assignments of Error:

**{¶21}** "I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT, IN AN ABUSE OF ITS DISCRETION, BY OVERRULING HER OBJECTIONS FILED PURSUANT TO CIVIL RULE 53.

**{¶22}** "II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT, IN VIOLATION OF O.R.C. SECTION 3901.04(E)(1)(a) [SIC] BY FAILING TO CONSIDER AND DETERMINE WHETHER 'THE HARM LIKELY TO BE CAUSED BY A CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE OF ENVIRONMENT TO THE CHILD.'

**{¶23}** "III. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT, DEMONSTRATING INAPPROPRIATE PREJUDICE AND ABUSE OF DISCRETION AND PREVENTING A FAIR TRIAL, BY ITS RULINGS ON PRE-TRIAL MOTIONS.

**{¶24}** "IV. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT, BY ERRONEOUSLY PLACING GREAT SIGNIFICANCE ON THE TIME WHEN APPELLANT FILED HER MOTION TO MODIFY.

**{¶25}** "V. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT, BY TRANSFERRING CUSTODY OF THE MINOR CHILD FROM APPELLANT-MOTHER TO APPELLEE-FATHER, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II.

**{¶26}** In her Second Assignment of Error, which we find dispositive of this appeal, appellant contends the trial court erred or abused its discretion under the requirements of R.C. 3109.04(E)(1)(a) in its reallocation of parental rights and responsibilities concerning the child, E.R. We agree.

**{¶27}** Our review of a trial court's decision allocating parental rights and responsibilities is under an abuse of discretion standard. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Furthermore, because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence. *Girdlestone v. Girdlestone*, 5th Dist. Stark No. 2016 CA 00019, 2016–Ohio–8073, ¶ 12, citing *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. Similarly, when making its determinations in custody or visitation cases, the trial court, as the trier of fact, must be given wide latitude to consider all issues. *Heckel v. Heckel*, 12th Dist. Butler No. CA99–12–214, 2000 WL 1279171. Ultimately, parental rights and responsibilities are to be allocated based upon the paramount consideration of the best interest of the child. *Trent v. Trent,* 12th Dist. Preble No. CA 98–09–014, 1999 WL 298073.

**{¶28}** We first turn to R.C. 3109.04(E)(1)(a), which states as follows:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, *that a change has occurred in the circumstances* of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i)      The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii)      The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

*(iii)      The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.*

**{¶29}**  (Emphases added.)

**{¶30}** Pursuant to these statutory mandates, we must first consider the prerequisite of "change in circumstances." The change in circumstances requirement is intended in part to provide some stability to the custodial status of the children, even if

the nonresidential parent shows that he or she can provide a better environment. *See Hobbs v. Hobbs*, 36 N.E.3d 665, 2015-Ohio-1963, ¶ 54 (4th Dist.).

**{¶31}** In the case *sub judice*, the magistrate's decision, approved by the trial court, sets forth as the basis for a change in circumstances solely that the child (E.R.) and the residential parent (appellant) "have moved back to Ohio." *See* Magistrate's Decision at 8. However, in *Stein v. Anderson,* 5th Dist. Tuscarawas No. 2009 AP 08 0042, 2010–Ohio–18, this Court clearly stated as follows regarding changes of residence by a parent: "[W]hether intrastate or out-of-state, we think the preferred general rule is that a relocation, by itself, is not sufficient to be considered a change of circumstances, but it is a factor in such a determination." *Id.* at ¶ 13, citing *Green v. Green*, 11th Dist. Lake No. 96–L–145, 1998 WL 258434. Furthermore, " ' * * * since a child is almost always going to be harmed to some extent by being moved, the non-custodial parent should not be able to satisfy his or her burden simply by showing that *some* harm will result; the amount of harm must transcend the normal and expected problems of adjustment.' " *Id.,* quoting *Schiavone v. Antonelli,* 11th Dist. Trumbull No. 92T–4794, 1993 WL 548034, emphasis in original. Accordingly, as an initial matter, we find the trial court's decision on its face provides a weak justification for engaging in a modification of its prior custody orders.

**{¶32}** However, appellant's essential argument in the present assigned error is that the magistrate simply gave "lip service" to the pertinent requirement of R.C. 3109.04(E)(1)(a)(iii) that "the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

**{¶33}** We note the magistrate did recite the basic R.C. 3109.04(E)(1)(a)(iii) finding in her decision. *See* Magistrate's Decision at 8. We also recognize that R.C.

3109.04(E)(1)(a)(iii) does not require a trial court "to cast the whole of its reflection on the case into words." *Meyer v. Anderson*, 2nd Dist. Miami No. 96CA32, 1997 WL 189383. Nonetheless, it remains our obligation herein to determine whether a substantial amount of competent, credible evidence supports the trial court's finding under R.C. 3109.04(E)(1)(a)(iii). *See*, *e.g.*, *Alessio v. Alessio,* 10th Dist. Franklin No. 05AP–988, 2006–Ohio–2447, ¶ 27.

{¶34} Thus, while we indulge in the presumption that the magistrate and trial court duly engaged in the statutory analysis and review, the record reveals that, in addition to the 2004 temporary orders, appellant has been the residential parent of E.R. since the date of the divorce, at which time the child had just turned two. Appellant has been dealing with rheumatoid arthritis, but she has "learned to live with it." Tr. at 106. E.R., after moving back to Ohio with appellant and her stepfather and three half-brothers, remained involved in school, church youth group, and sports activities in the Pickerington area, typical of an active pre-teen or young teenager. The record further indicates that E.R. has relished being in the role of big sister to her three younger half-brothers, one of whom is coping with autism. In addition, without going into specifics, our review of the *in camera* interview of E.R. indicates that she is weary of moving, and it was difficult for her to give up her friends in Arizona.[1]

{¶35} Despite this, the trial court decided to change custody after roughly twelve years, against the recommendation of the guardian ad litem, and again uproot the child

---

[1]  This Court has consistently interpreted the pertinent sections R.C. 3109.04(B) such that *in camera* interviews are to remain confidential. *See Wallace v. Wallace,* 5th Dist. Stark No. 2014CA00182, 2015–Ohio–1617, f.n.1; *Lawson v. Lawson,* 5th Dist. Licking No. 13–CA–8, 2013–Ohio–4687, ¶ 56; *Myers v. Myers,* 170 Ohio App.3d. 436, 2007–Ohio–66, ¶ 46; *Linger v. Linger,* 5th Dist. Licking No. 92–CA–120, 1993 WL 274318.

for a new setting in northwestern Ohio. Yet, beyond the parties' history of visitation issues, the record and the magistrate's decision provide little insight as to what weighted advantages to the child will result from placing her with her father at this stage of her life, in comparison to the disruption she faces via the removal from her half-siblings and from her continuous placement with appellant since infancy. The abruptness of the magistrate's recommendation to change custody under these circumstances is even more pronounced when we consider that at one point in the proceedings, appellee seemed to be prioritizing his request for a mere expansion of visitation time, stating: "I want more time with [E.R.]. Simple as that. I want to see my child. *I'm not naive enough to think that anything I'm doing today is giving me full custody*, but the reality is I want to see my daughter more." Tr. at 215, emphasis added.

**{¶36}** The trial court, upon objection, did emphasize its conclusion that appellee would be more likely to facilitate parenting time with appellant, determining in this regard that "[t]he evidence presented substantiated the magistrate's findings that [Appellant] had moved the child to Ohio without the knowledge of [Appellee] and purposely as well as unreasonably kept the child from her father." Judgment Entry at 2. However, this appears to be in reference to a "best interest" factor under R.C. 3109.04(F)(1)(f), *i.e.*, "[t]he parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights." While there is probably room for some overlap between the consideration of the best interest factors of R.C. 3109.04(F)(1) and the harm/advantage analysis of R.C. 3109.04(E)(1)(a)(iii), they are separate questions. In other words, in addition to change in circumstances, "[t]he statute further requires that the trial court find that the best interest of the child will be served by the change *and* that

the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a). *Brandle v. Brandle*, 2nd Dist. Clark No. 99 CA 62, 2000 WL 262631 (emphasis added).

**{¶37}** In R.C. 3109.04(E)(1)(a), the General Assembly has created a rebuttable presumption that retaining the residential parent designated by the prior decree is in the child's best interest. *Combes v. Combes*, 5th Dist. Morrow No. 14CA007, 2015-Ohio-584, ¶ 20, citing *Meyer v. Anderson*, *supra.* Despite our great deference to the triers of fact in such custody disputes, and without suggesting that appellee and his present wife herein would not provide an adequate and caring home for the child, our review of the record in the present case reveals inadequate evidentiary support for a finding of change in circumstances and for a determination that the advantages to E.R. brought about by a change of her environment would outweigh the likely harm caused by the disruption inherent in this significant re-arrangement following the child's recent relocation from Arizona. We therefore find the reallocation of parental rights and responsibilities in favor of appellee in this instance was unreasonable under the requirements of R.C. 3109.04(E)(1)(a) and constituted an abuse of discretion.

**{¶38}** Appellant's Second Assignment of Error is sustained, and the matter will be remanded for the trial court to review the reinstated issues of appellee's parenting time and child support.

I., III., IV., V.

**{¶39}** In appellant's remaining Assignments of Error, she raises additional challenges to the trial court's pre-trial and final rulings as to reallocation of parental rights.

Based on our previous conclusions herein, we find these arguments moot. *See* App.R. 12(A)(1)(c).

{¶40} For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is hereby reversed and remanded.

By: Wise, John, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0725