[Cite as *B.C. v. S.D.*, 2021-Ohio-2963.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| B.C. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| First Petitioner-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| S.D. | : | Case No. 2021-CA-00027 |
| | : | |
| Second Petitioner-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 07-DR-01578

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 26, 2021


APPEARANCES:

For First Petitioner-Appellee

KELLY C. PARKS
2602 Oakstone Drive
Columbus, OH 43231

For Second Petitioner-Appellant

LANCE R. GROVE
6810 East Main Street
Suite 302
Reynoldsburg, OH 43068

*Wise, Earle, J.*

{¶ 1} Second Petitioner-Appellant, S.D., father, appeals the March 1, 2021 judgment entry of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, granting the motion to reallocate parental rights and responsibilities filed by First Petitioner-Appellee, B.C., mother.

FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant-father and appellee-mother have a child together, born May 2007. Pursuant to an agreed entry filed September 1, 2011, appellant was named the sole residential parent and legal custodian of the child. Pursuant to a judgment entry filed November 2, 2016, appellee was granted increased parenting time.

{¶ 3} On July 6, 2020, appellee filed a motion for the reallocation of parental rights and responsibilities. A hearing before a magistrate was held on November 4, 2020. By decision filed November 24, 2020, the magistrate granted the motion and named appellee as the sole residential parent and legal custodian of the child. Appellant filed objections. By judgment entry filed March 1, 2021, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE SECOND PETITIONER-APPELLANT WHEN THE MAGISTRATE COMMITTED AN ABUSE OF DISCRETION BY FINDING THAT THERE WAS A CHANGE OF CIRCUMSTANCE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE SECOND PETITIONER-APPELLANT, WHEN THE MAGISTRATE CONDUCTED THE IN-CAMERA INTERVIEW, A BEST INTEREST FACTOR, WHEN THE EVIDENCE DID NOT FIRST SUPPORT A CHANGE OF CIRCUMSTANCES CONSTITUTING AN ABUSE OF DISCRETION."

III

{¶ 7} "THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR TO THE SECOND PETITIONER-APPELLANT WHEN THE MAGISTRATE FOUND THE HARM LIKELY TO BE CAUSED BY THE CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE OF ENVIRONMENT TO THE CHILD R.C. 3109.04(E)(1)(a)(iii), CONSTITUTING AN ABUSE OF DISCRETION."

I, II, III

{¶ 8} In his first assignment of error, appellant claims the trial court abused its discretion in finding a change of circumstances against the manifest weight of the evidence.

{¶ 9} In his second assignment of error, appellant claims the trial court erred in conducting an in camera interview of the child without first finding a change of circumstances.

{¶ 10} In his third assignment of error, appellant claims the trial court abused its discretion in finding the harm likely to be caused by the change of environment is outweighed by the advantages of the change in environment to the child.

{¶ 11} We disagree with all of appellant's claims.

{¶ 12} A trial court reviews a motion to reallocate parental rights and responsibilities under R.C. 3109.04(E)(1)(a) which states as follows:

(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.  In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 13} Therefore, in determining whether to make a modification, a trial court must consider (1) whether a change in circumstances has occurred, (2) whether a modification is in the child's best interest, and (3) whether the benefits that result from the change of environment outweigh any harm.  As explained by this court in *Oyler v. Lancaster,* 5th Dist. Stark No. 2019CA00130, 2020-Ohio-758, ¶ 24:

> R.C. 3109.04 does not define the concept of "change in circumstances."  However, Ohio courts have held the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child."  *Wyss v. Wyss*, 3 Ohio App.3d 412, 445 N.E.2d 1153 (10th Dist.1982).  Additionally, the change of circumstances must be "one of substance, not a slight or inconsequential change."  *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997).

{¶ 14} "In determining whether a 'change' has occurred, a trial judge must have wide latitude in considering all the evidence, and the court's decision must not be reversed absent an abuse of discretion."  *In re A.P.,* 2d Dist. Montgomery No. 28023, 2019-Ohio-139, ¶ 23.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court.  (*Trickey v. Trickey* [1952], 158 Ohio St. 9, 47 O.O. 481, 106 N.E.2d

772, approved and followed.)"  *Bechtol v. Bechtol,* 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus.

{¶ 15} As explained by this court in *B.S. v. M.M.,* 5th Dist. Stark No. 2020 CA 00111, 2021-Ohio-176, ¶ 23:

> The trial court is "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony."  *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984).  Deferential review in a child custody determination is especially crucial "where there may be much evidence by the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997).  We are mindful that the knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record, and the reviewing court should be guided by the presumption that the trial court's findings were correct.  *See, Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

{¶ 16} At the time appellant was named sole residential parent and legal custodian of the child, the child was four years old.  At the time of the hearing, the child was thirteen years old.  Prior to rendering a decision, the magistrate conducted a recorded in camera interview of the child.  In his appellate brief at 15, appellant argues "a change of circumstances must be met prior to an in-camera interview being conducted."

{¶ 17} In *Davis v. Davis,* 5th Dist. Tuscarawas No. 2016 AP 05 0031, 2016-Ohio-7205, ¶ 38, this court stated the following:

A child's desire to live with a particular parent, without more, does not constitute a change in circumstance. *Markley v. Markley,* 9th Dist. Wayne No. 06CA0043, 2007-Ohio-886. The determination of whether the child's age, coupled with the desire to live with a different parent, constitutes a change in circumstances is made by the trial court on a case-by-case basis. *Pryor v. Hooks,* 9th Dist. Summit No. 25294, 2010-Ohio-6130.

{¶ 18} In *Boone v. Kaser,* 5th Dist. Tuscarawas No. 2001AP050050, 2001 WL 1011453, *2 (Aug. 28, 2001), this court stated, "we believe the passage of time during a significant developmental portion of a child's life, combined with other pertinent factors, such as the child's expressed desires to reside with mother, supports the trial court's finding of a change of circumstances, requiring further inquiry by a trial court." *See also, Schoolcraft v. Markel,* 5th Dist. Stark No. 2020-Ohio-3572, ¶ 18 ("we find the trial court abused its discretion in misapplying the law to the facts in this case by failing to consider the child's wishes under its change in circumstances analysis"); *Wilson v. Wilson,* 4th Dist. Lawrence No. 09CA1, 2009-Ohio-4978, ¶ 26 ("The record contains other facts, in addition to the child's maturation, to support a finding of a change in circumstance. The child stated that he wishes to live with his father"); *Khulenberg v. Davis,* 12th Dist. Butler No. CA96-07-143, 1997 WL 527647, *6 (Aug. 25, 1997) ("the combination of facts including Jason's wishes, Jason's age, and the long history of difficulty between the

parties, is sufficient for a finding of a change of circumstances"); *Butland v. Butland,* 10th Dist. Franklin No. 95APF09-1151, 1996 WL 362038, *3 (June 27, 1996) ("Although R.C. 3109.04(F)(1) instructs a court to consider the child's wishes as a factor in determining the child's best interest, it does not indicate any legislative intent to have the wishes and concerns of the child examined solely in the context of the best interest determination"); *Perz v. Perz,* 85 Ohio App.3d 374, 619 N.E.2d 1094, fn. 1 (6th Dist.1993) ("a child's attainment of 'sufficient reasoning ability' would be a substantial change in a material circumstance such as would justify a further inquiry into the best interest of the child").

{¶ 19} In order to consider a child's wishes under a change of circumstances analysis, a trial court may conduct an in camera interview to question the child. We do not find R.C. 3109.04 limits in camera interviews to best interest analysis only.

{¶ 20} The magistrate held a hearing and heard from appellant and appellee, and conducted an in camera interview of the child. In its decision filed November 24, 2020, the magistrate gave "the child's wishes and concerns significant weight," finding the child was "bright, articulate, and clearly expressed her thoughts and feelings without apparent influence from either parent." The magistrate noted the child was "very close with her half-brother who is 11 years old and lives with Mother." The magistrate found the child "is thirteen, entering puberty, and has a close and connected relationship with the Mother" and the child's relationship with appellant "is somewhat strained at the present time." The magistrate also found the child was struggling with appellant's home environment, "was experiencing a strain in her communications and relationship" with appellant, and "the child's emotional health and school performance is suffering at the present time." The magistrate ordered mental health counseling for the child. The magistrate considered the

best interest factors under R.C. 3109.04(F)(1), and concluded a substantial change in circumstances had occurred, a modification was necessary to serve the best interest of the child, and the harm likely caused by the change of environment was outweighed by the advantages of the change.

{¶ 21} In its March 1, 2021 judgment entry denying appellant's objections, the trial court conducted an independent review and agreed with the magistrate's conclusions. The trial court found the evidence supports the finding that the child "is having significant issues in her life which require the Court to take action."  The trial court's decision contained numerous references in the record to support its position, and our review confirms the trial court's findings.  T. at 9-10, 12, 13, 16-17, 19-20, 22-23, 25-26, 28-31, 33-37, 46-48, 52-53, 62, 64, 70-71, 75-76, 84-85, 97-98, 100-101, 106.

{¶ 22} The child has aged from four to thirteen which is a significant developmental portion of her life, has reached puberty, has clearly articulated her wishes, has bonded with her half-sibling, and is struggling in her current environment.

{¶ 23} We find the trial court did not abuse its discretion in finding a change of circumstances.

{¶ 24} In his appellate brief at 17, appellant argues the magistrate merely recited the words to satisfy the test under R.C. 3109.04(E)(1)(a)(iii) and failed "to show how the harm likely to be caused by the change of environment is outweighed by the harm caused by the change of environment to the child when custody is changed."

{¶ 25} We agree "although an expression of the rationale underlying this finding would benefit a reviewing court, the statute does not require the trial court to express its analysis."  *Alessio v. Alessio,* 10th Dist. Franklin No. 05AP-988, 2006-Ohio-2447, ¶ 27.

In *Reigel v. Bowman,* 5th Dist. Delaware No. 17 CAF 01 0006, 2017-Ohio-7388, ¶ 33, this court explained the following:

> We note the magistrate did recite the basic R.C. 3109.04(E)(1)(a)(iii) finding in her decision. *See* Magistrate's Decision at 8. We also recognize that R.C. 3109.04(E)(1)(a)(iii) does not require a trial court "to cast the whole of its reflection on the case into words." *Meyer v. Anderson*, 2nd Dist. Miami No. 96CA32, 1997 WL 189383. Nonetheless, it remains our obligation herein to determine whether a substantial amount of competent, credible evidence supports the trial court's finding under R.C. 3109.04(E)(1)(a)(iii). *See*, *e.g., Alessio v. Alessio,* 10th Dist. Franklin No. 05AP-988, 2006-Ohio-2447, ¶ 27.

{¶ 26} With the citations to the record listed above, we find the trial court's determination that the advantages to the child of a change of environment outweighed the harm resulting from that change is supported with a substantial amount of competent, credible evidence.

{¶ 27} Upon review, we find the trial court did not abuse its discretion in granting appellee's motion to reallocate parental rights and responsibilities and the decision is supported by substantial competent, credible evidence.

{¶ 28} Assignments of Error I, II, and III are denied.

{¶ 29} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db