[Cite as *Oyler v. Lancaster*, 2020-Ohio-758.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| MICHAEL J. OYLER | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J.. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00130 |
| HEIDI K. LANCASTER, FNA OYLER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Civil appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2009DR00463

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 2, 2020

APPEARANCES:

For Plaintiff-Appellee

RICHARD PINHARD
116 Cleveland Avenue N.W.
Suite 625
Canton, OH 44702

For Defendant-Appellant

HEIDI K. LANCASTER PRO SE
1421 East Valentine Circle N.W.
Canton, OH 44708

*Gwin, J.*

{¶1} Appellant Heidi Oyler Lancaster appeals the July 22, 2019, and August 12, 2019 judgment entries of the Stark County Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

{¶2} Appellant ("Mother") and appellee Michael Oyler ("Father") were married in 1995. In 2009, Father filed a complaint for divorce. The parties had three children, who were all minors at the time of the divorce decree. However, one of the children is now emancipated. The parties currently have two minor children, A.O., born on October 10, 2004, and J.O., born on February 17, 2006. Father also adopted Mother's two children from a prior marriage, but these children are emancipated.

{¶3} The trial court granted a divorce to Mother and Father and allocated parental rights and responsibilities between the parties. Mother appealed, and this Court affirmed in part, vacated in part, and remanded the matter to the trial court. *Oyler v. Oyler*, 5th Dist. Stark No. 2011-CA-00065, 2011-Ohio-4390. This Court remanded the case to: restore Mother to her maiden name; interview the eldest minor child; and journalize a final decision regarding which parent should be the residential parent after the trial court had interviewed the parties' child in camera. After the trial court interviewed the child in camera, the court again designated Father the residential parent and legal custodian of the parties' minor children. Mother received Schedule A parenting time. No appeal was taken from the trial court's decision.

{¶4} In 2013, Mother filed a motion for ex parte orders, a motion for in camera interview of the children, a motion requesting a new guardian ad litem, and a motion to

grant temporary custody to Mother. The magistrate dismissed Mother's motions for failure to prosecute after she failed to make the deposit for the guardian ad litem fees. The magistrate also awarded Father $1,000 in attorney fees. The trial court overruled Mother's objections to the magistrate's decision. Mother filed an appeal to this Court. In *Oyler v. Oyler*, 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, we overruled Mother's assignments of error and affirmed the decision of the trial court.

{¶5} On June 4, 2018, Mother filed a motion for change of parental rights. Mother listed the changed circumstances as emotional child abuse with parental alienation. Mother also filed a motion for an in camera interview of the children. The trial court permitted Mother time to refile her motion because the original motion was lacking an affidavit in support of the motion. On July 27, 2018, Mother again filed a motion for change of parental rights and listed the changed circumstances as emotional child abuse with parental alienation. Mother attached an affidavit in support of her motion. In her motion and affidavit, Mother requested a guardian ad litem be appointed for the children. On August 24, 2018, the trial court appointed Melissa Pitinii as guardian ad litem ("GAL") for the children.

{¶6} On October 2, 2018, Father filed a motion for contempt against Mother for the failure to pay $1,000 in attorney fees pursuant to the court's November 26, 2013 order and for the failure to pay child support in the amount of $2,036. On October 12, 2018, the trial court appointed counsel for Mother on the contempt motion only. On January 24, 2019, Father filed a second motion for contempt for Mother's alleged failure to pay child support, for the total amount due and owing of $2,539.22.

{¶7}   The magistrate conducted a hearing on Mother's motions on April 4th and May 6th of 2019.  The magistrate also conducted an in camera interview of the children on May 14, 2019.  The magistrate issued a decision on June 14, 2019.  The magistrate noted that, at the conclusion of the trial, Mother made an oral motion to consider awarding her expanded parenting time, as an alternative to her original motion.  The magistrate made extensive findings of fact in her decision.

{¶8}   As to the GAL's investigation, the magistrate issued the following findings of fact:  she fully complied with all GAL standards and rules; she provided a snapshot of each party's family dynamic; she determined both homes are appropriate for the children; the children have a tight bond with their half-sister, Mother's daughter; the children each reported they would like to spend additional time with Mother; the children know the adults in their lives do not like each other; and, based upon her investigation, she recommended that Father remain the legal custodian and Mother's parenting time be increased.  The magistrate issued detailed findings of fact as to Mother's testimony and Father's testimony, including Mother's belief that her visits with the children are sabotaged by Father and/or Stepmother, and her strong belief that she should be granted legal custody of the children.  The magistrate's findings of fact as to Father's testimony provide that neither he nor his wife interfere with Mother's parenting time or her relationship with the children, they never sabotaged Mother's plans with the children, and he has never denied Mother parenting time.  Finally, the magistrate made detailed findings of fact with regards to her in camera interview with the children.

{¶9}   The magistrate then set forth the applicable statutes with regard to the modification of parenting rights and responsibilities.  The magistrate found no change of

circumstances had occurred, as the fact that Father remarried and Mother does not like Stepmother's relationship with the children or how it affects Mother's relationship with the children is not sufficient to trigger a modification of parental rights. The magistrate also was not convinced that Mother's allegations of emotional abuse are true, given the fact that during the in camera interview, both boys talked positively about their lives in both parents' homes. Similarly, the magistrate found Mother's allegation of parental alienation unconvincing, based upon the testimony at the hearing. As to Mother's motion for expanded parenting time, the magistrate granted her motion, and adopted the GAL's expanded schedule.

{¶10} With regards to Father's motion for contempt as to attorney fees and child support, the magistrate found Mother in contempt for failing to follow court orders. The magistrate set an imposition hearing on the contempt for August 12th in front of the trial judge.

{¶11} Mother filed an objection to the magistrate's decision on June 28, 2019, stating the magistrate's decision concerning custody was against the manifest weight of the evidence, contrary to law, and an abuse of the magistrate's discretion. Mother argued the evidence produced at trial did not support the magistrate's decision to deny her custody of her children. Father filed a motion to dismiss the objections to the magistrate's decision on July 2, 2019, because the objections to the magistrate's decision were not specific and did not state with particularity the grounds for the objection. The trial court held a hearing on Mother's objections and Father's motion to dismiss on July 22, 2019. Subsequent to the hearing, the trial court granted Father's motion, stating Mother failed to pay for and file a transcript of the hearing before the magistrate and thus the trial court

could only determine that based upon the thorough, well-reasoned, and well-supported magistrate's decision, the decision is supported by the evidence. The trial court noted Mother has requested and filed six other transcripts since the final divorce, so it was no surprise that she needed to pay for the transcript.

{¶12} The trial court set an imposition hearing for August 12, 2019. Counsel for Father argued in support of the imposition of a jail sentence. Counsel for Mother stated Mother honestly believed she had paid the child support and thus the contempt motion should be dismissed, the contempt should be considered purged, and Mother should not go to jail since she paid the attorney fees due and all child support arrearages.

{¶13} The trial court found that Mother paid the attorney fees, paid child support arrears in full, and paid for the transcript that was previously ordered. The trial court noted that while Mother waited until the last minute to pay the court-ordered amounts, it was not in the children's best interest for Mother to be jailed. The trial court suspended the jail sentence and stated as follows in the judgment entry, "based upon the payments that have been made, this contempt is purged."

{¶14} Mother filed an appeal of the trial court's judgment entries. Mother filed a motion to supplement the record with transcripts from April 4, 2019, May 6, 2019, July 22, 2019, and August 12, 2019. This Court denied her motion in part and granted her motion in part. We noted that Mother's objection pertained to the magistrate's factual findings and because Mother failed to include the April 4th and May 6th transcripts as part of her objection to the magistrate's decision, this Court could not consider those two transcripts on appeal. However, we granted Mother's motion to supplement the record with the July 22nd and August 12th transcripts.

{¶15} Mother appeals the July 22, 2019 and August 12, 2019, judgment entries of the Stark County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶16} "I. THE COURT ERRED IN ITS DECISION CONCERNING CUSTODY AS IT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE, CONTRARY TO LAW AND AN ABUSE OF HER DISCRETION.   THERE WAS OVERWHELMING EVIDENCE OF EMOTIONAL CHILD ABUSE WITH PARENTAL ALIENATION BY PLAINTIFF, MICHAEL J. OYLER AND HIS NEW WIFE, RACHELLE MORRIS-OYLER TO THE PARTIES MINOR CHILDREN.  EVIDENCE PRODUCED AT TRIAL DID NOT SUPPORT THE COURT'S DECISION TO DENY MOTHER CUSTODY OF HER CHILDREN.   THUS, THE COURT'S ULTIMATE ERR IS IN NOT SAFEGUARDING THESE CHILDREN BY DENYING AND DISMISSING MOTHER'S MOTION TO CHANGE PARENTAL RIGHTS AND RESPONSIBILITIES.

{¶17} "II. THE COURT ERRED BY NOT CONSIDERING THE CHANGE IN CIRCUMSTANCE EVIDENCE PROVIDED TO GAL, MELISSA PITINII, OF DEFENDANT, HEIDI K. LANCASTER, HAVING A NEW PSYCHOLOGICAL EVALUATION CONDUCTED BY ONE OF PROBATE COURT'S APPROVED PSYCHOLOGISTS, DR. ROBERT DEVIES.  IN HIS FINDINGS AND EVALUATION, THERE WERE NO CONCERNS WHICH WOULD PREVENT CUSTODY BEING GRANTED TO THE MOTHER OF THE PARTIES' MINOR CHILDREN.

{¶18} "III. THE COURT ERRED BY GRANTING FATHER'S MOTION TO SHOW CAUSE AND MOTHER BEING FOUND GUILTY OF CONTEMPT.  MOTHER WAS SENTENCED TO 30 DAYS AT THE STARK COUNTY JAIL.  EVIDENCE WAS SHOWN

AT THE PRETIAL HEARING THAT DEFENDANT WAS NOT IN CONTEMPT BUT IT WAS A MISTAKE ON THE COURT'S BEHALF, NEEDING A CORRECTION OF THE RECORD BY THE COURT.

{¶19} "IV. THE COURT ERRED IN ADOPTING THE RECOMMENDATIONS OF THE GAL, ATTORNEY MELISSA PITINII, AFTER BEING MADE AWARE THAT THE GAL NEVER ASKED CHILDREN ANY SPECIFICS OR DISCUSSED ANY CONCERNS OR ALLEGATIONS MADE BY CHILDREN AND/OR MOTHER.  GAL REFUSED AND NEGLECTED THE INVESTIGATION OF THIS CASE TO WHICH SHE WAS ASSIGNED BY THE COURT."

I.

{¶20} In her first assignment of error, Mother contends the trial court abused its discretion in denying her motion for change of custody, as the weight of the evidence supported awarding her sole custody.

{¶21} Mother filed objections to the magistrate's findings with regards to custody, but did not file a transcript of the magistrate's hearing for the trial court's review.  Civil Rule 53(D)(3)(b)(iii) states, in pertinent, part:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.  * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.  If a

party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶22} This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, citing *Murray v. Murray*, 5th Dist. Richland No. 15CA02, 2015-Ohio-3726. Without a transcript, the trial court is free to adopt the magistrate's decision, unless it determines there is an "error of law or other defect evidence on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶23} Accordingly, we review Mother's first assignment of error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *He v. Zeng*, 5th Dist. Licking No. 2009-CA-0060, 2010-Ohio-2095.

{¶24} In this case, Mother filed a motion for reallocation of parental rights. Three elements must exist in order for a trial court to modify a prior decree allocating parental rights and responsibilities: (1) there must be an initial threshold showing of a change in circumstances; (2) if circumstances have changed, the modification of custody must be in the child's best interest; and (3) any harm to the child from a modification of the plan must be outweighed by the advantages of such modification. R.C. 3109.04(E)(1)(a). R.C. 3109.04 does not define the concept of "change in circumstances." However, Ohio courts have held the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." *Wyss v. Wyss*, 3 Ohio App.3d 412, 445 N.E.2d 1153 (10th Dist. 1982). Additionally, the change of circumstances must be "one

of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997). This prevents a constant re-litigation of the issues that have already been determined by a trial court. *Id.*

{¶25} In this case, we find the trial court did not abuse its discretion in concluding there was no change of circumstances, based upon the established facts that were issued by the magistrate. In her findings of fact, the magistrate detailed the testimony of Father, Mother, and the children, and found the fact that Father remarried and Mother does not like Stepmother's relationship with the children or how it affects Mother's relationship with the children is not sufficient to trigger a change of circumstances. Based upon these established facts, we find the trial court did not abuse its discretion in concluding that Mother's dislike of Stepmother's relationship with the children or how it affects Mother's relationship with the children is not sufficient to demonstrate a change in circumstances.

{¶26} The magistrate also was not convinced Mother's allegations of emotional abuse were true, given the childrens' testimony during the in camera interview. The magistrate further found Mother's allegation of parental alienation unconvincing, based upon the testimony at the hearing. Issues relating to the credibility of the witnesses and the weight to be given to the evidence are primarily for the trier of fact. *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evidence in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997).

{¶27} Mother's first assignment of error is overruled.

## II. & IV.

{¶28} In her second assignment of error, Mother argues the trial court and the GAL erred by not considering the psychological evaluation that Dr. Devies conducted on Mother. In her fourth assignment of error, Mother contends the trial court erred in adopting the recommendations of the GAL because the GAL neglected to conduct an appropriate investigation in this case. Both assignments of error deal with the GAL's investigation in this case.

{¶29} As discussed above, Mother did not file a transcript of the hearing before the magistrate for the trial court's review. Accordingly, we review Mother's second and fourth assignments of error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *He v. Zeng*, 5th Dist. Licking No. 2009-CA-0060, 2010-Ohio-2095.

{¶30} The role of the GAL is to investigate the child's situation and then ask the court to do what the guardian feels is in the child's best interests. *In re Baby Girl Baxter*, 17 Ohio St.3d 229, 479 N.E.2d 257 (1985).

{¶31} As to the GAL's investigation, the magistrate issued the following findings of fact: she fully complied with all GAL standards and rules; she provided a snapshot of each party's family dynamic; she determined both homes are appropriate for the children; the children have a tight bond with their half-sister, Mother's daughter; the children each reported they would like to spend additional time with Mother; the children know the adults in their lives do not like each other; and, based upon her investigation, she recommended that Father remain the legal custodian and that Mother's parenting time be increased.

{¶32} Based upon these established facts, we find the trial court did not abuse its discretion in finding the GAL investigated each child's situation and acted in accordance with each child's best interest. Mother's second and fourth assignment of error are overruled.

III.

{¶33} In her third assignment of error, Mother contends the trial court erred in finding her in contempt. Mother argues the evidence in the record shows she was not in contempt.

{¶34} An appeal from a finding of contempt becomes moot when an offender either purges himself of the contempt or serves the sentence. *Dotts v. Schaefer*, 5th Dist. Tuscarawas No. 2014 AP 06 0022, 2015-Ohio-782; *Wesley v. Wesley*, 10th Dist. Franklin No. 07AP-206, 2007-Ohio-7006; *Grilliot-Saddler v. Saddler*, 12th Dist. Warren No. CA2017-09-134, 2018-Ohio-1689.

{¶35} In this case, the record reveals that Mother purged herself of the contempt charge. In its judgment entry, the trial court specifically states, "based upon the payments that have been made, this contempt is purged." Accordingly, because Mother purged herself of the contempt charge, we find this assignment of error has been rendered moot.

{¶36} Based on the foregoing, Mother's first, second, and fourth assignments of error are overruled. Mother's third assignment of error is moot.

{¶37} The July 22, 2019, and August 12, 2019 judgment entries of the Stark County Court of Common Pleas, Domestic Relations Division, are affirmed.


By Gwin, J.,

Hoffman, P.J., and

Wise, Earle, J., concur