[Cite as *Schoolcraft v. Markel*, 2020-Ohio-3512.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BENJAMIN SCHOOLCRAFT | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MELANIE MARKEL NKA LOVE | : | |
| GWALTNEY | : | Case No. 2020 CA 00036 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. CV-2011DR00330


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      June 26, 2020


APPEARANCES:

For Plaintiff-Appellee

JEFFREY JAKMIDES
325 East Main Street
Alliance, OH  44601

For Defendant-Appellant

TODD A. MAZZOLA
LISA CAREY DEAN
50 South Main Street
10th Floor
Akron, OH  44308

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Melanie Markel nka Love Gwaltney, appeals the January 16, 2020 decision of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, denying her motion for reallocation of parental rights and responsibilities.  Plaintiff-Appellee is Benjamin Schoolcraft.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties were divorced on September 26, 2011.  Appellee was named the residential parent and legal custodian of the parties' two children.

{¶ 3}   On August 14, 2019, appellant filed a motion for reallocation of parental rights and responsibilities regarding the younger child who is now thirteen years old.  A hearing was held on January 7, 2020.  By findings of facts, conclusions of law, and decision filed January 16, 2020, the trial court denied the motion, finding no change in circumstances.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DECLINED TO CONSIDER [M.]'S EXPRESSED PREFERENCE TO LIVE WITH MOTHER, ALONG WITH [M.]'S ADVANCING AGE SINCE ENTRY OF THE PARTIES' DIVORCE DECREE AND OTHER INTERVENING EVENTS IN [M.]'S LIFE IN THEIR TOTALITY IN DETERMINING THAT THERE WERE NO CHANGED CIRCUMSTANCES TO PERMIT A MODIFICATION OF PARENTAL RIGHTS AND RESPONSIBILITIES."

II

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DECIDED THAT NO CHANGE OF CIRCUMSTANCES HAD OCCURRED TO WARRANT AN EXAMINATION OF [M.]'S BEST INTERESTS."

III

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DETERMINE MOTHER'S REQUESTED MODIFICATION IS IN [M.]'S BEST INTEREST AND THAT ANY HARM POTENTIALLY CAUSED BY MOTHER'S REQUESTED MODIFICATION IS OUTWEIGHED BY ITS ADVANTAGES BASED ON THE VIRTUALLY UNOPPOSED TESTIMONY AND EVIDENCE PRESENTED IN THE HEARING."

I

{¶ 8} In her first assignment of error, appellant claims the trial court abused its discretion in declining to consider the child's wishes given the child's advanced age and the intervening events in the child's life in determining no change in circumstances  We agree.

{¶ 9} A trial court reviews a motion to reallocate parental rights and responsibilities under R.C. 3109.04(E)(1)(a) which states as follows:

(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or

either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 10} Therefore, in determining whether to make a modification, a trial court must consider (1) whether a change in circumstances has occurred, (2) whether a modification is in the child's best interest, and (3) whether the benefits that result from the change of environment outweigh any harm. As explained by this court in *Oyler v. Lancaster,* 5th Dist. Stark No. 2019CA00130, 2020-Ohio-758, ¶ 24:

R.C. 3109.04 does not define the concept of "change in circumstances." However, Ohio courts have held the phrase is intended to denote "an event, occurrence, or situation which has a material and

adverse effect upon a child."  *Wyss v. Wyss*, 3 Ohio App.3d 412, 445 N.E.2d 1153 (10th Dist.1982).  Additionally, the change of circumstances must be "one of substance, not a slight or inconsequential change."  *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997).

{¶ 11} "In determining whether a 'change' has occurred, a trial judge must have wide latitude in considering all the evidence, and the court's decision must not be reversed absent an abuse of discretion."  *In re A.P.,* 2d Dist. Montgomery No. 28023, 2019-Ohio-139, ¶ 23; *Davis, supra*.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 12} At the time of the divorce decree, the subject child was four years old.  The child is now thirteen years old.  In appellant's August 14, 2019 affidavit attached to her motion to reallocate parental rights and responsibilities, she averred, among other things, that the child "has consistently expressed her desire to live with me and attend school from my residence since last fall."  Appellant testified to this fact.  T. at 78.  The guardian ad litem interviewed the child and testified the child "would like to live with the mom."  T. at 47-48.

{¶ 13} In its decision denying the motion for reallocation, the trial court noted the testimony was consistent that the child expressed a desire to live with appellant, but an in-camera interview was never requested.  Finding of Fact No. 11.  The trial court concluded there was sufficient evidence to cause the court to believe that the child "would prefer to live with her mother and attend school in Revere, however, the child's

wishes is a best interest factor that cannot be analyzed until a change of circumstances is established." Conclusion of Law No. 2. The trial court determined there was no change in the circumstances of the child or the child's residential parent and therefore it was precluded from considering the motion and the factors surrounding the child's best interest. Decision No. 1.

{¶ 14} In *Davis v. Davis,* 5th Dist. Tuscarawas No. 2016 AP 05 0031, 2016-Ohio-7205, ¶ 38, this court stated the following:

A child's desire to live with a particular parent, without more, does not constitute a change in circumstance. *Markley v. Markley,* 9th Dist. Wayne No. 06CA0043, 2007-Ohio-886. The determination of whether the child's age, coupled with the desire to live with a different parent, constitutes a change in circumstances is made by the trial court on a case-by-case basis. *Pryor v. Hooks,* 9th Dist. Summit No. 25294, 2010-Ohio-6130.

{¶ 15} The *Davis* court at ¶ 43 noted, "the trial court went through each prong of appellant's motion as to change in circumstances in accordance with R.C. 3109.04(E)(1)(a) and with the directive that it 'must carefully consider the nature, circumstances, and effects of each purported change.' *Murphy v. Murphy,* 5th Dist. Tuscarawas No. 2014 AP 01 002, 2014-Ohio-4020, [¶ 10]."

{¶ 16} In *Boone v. Kaser,* 5th Dist. Tuscarawas No. 2001AP050050, 2001 WL 1011453, *2 (Aug. 28, 2001), this court stated, "we believe the passage of time during a significant developmental portion of a child's life, combined with other pertinent factors,

such as the child's expressed desires to reside with mother, supports the trial court's finding of a change of circumstances, requiring further inquiry by a trial court." *See also, Wilson v. Wilson,* 4th Dist. Lawrence No. 09CA1, 2009-Ohio-4978, ¶ 26 ("The record contains other facts, in addition to the child's maturation, to support a finding of a change in circumstance. The child stated that he wishes to live with his father"); *Khulenberg v. Davis,* 12th Dist. Butler No. CA96-07-143, 1997 WL 527647, *6 (Aug. 25, 1997) ("the combination of facts including Jason's wishes, Jason's age, and the long history of difficulty between the parties, is sufficient for a finding of a change of circumstances"); *Butland v. Butland,* 10th Dist. Franklin No. 95APF09-1151, 1996 WL 362038, *3 (June 27, 1996) ("Although R.C. 3109.04(F)(1) instructs a court to consider the child's wishes as a factor in determining the child's best interest, it does not indicate any legislative intent to have the wishes and concerns of the child examined solely in the context of the best interest determination"); *Perz v. Perz,* 85 Ohio App.3d 374, 619 N.E.2d 1094, fn. 1 (6th Dist.1993) ("a child's attainment of 'sufficient reasoning ability' would be a substantial change in a material circumstance such as would justify a further inquiry into the best interest of the child").

{¶ 17} In this case, appellant alleged the child's wishes as a change in circumstances, but the trial court did not consider them, finding "the child's wishes is a best interest factor that cannot be analyzed until a change of circumstances is established." Based on the cited case law, the trial court should have considered the child's wishes in its change in circumstances analysis.

{¶ 18} Upon review, we find the trial court abused its discretion in misapplying the law to the facts in this case by failing to consider the child's wishes under its change in circumstances analysis.

{¶ 19} Assignment of Error I is granted.

II, III

{¶ 20} Given our decision in Assignment of Error I, these assignments are premature.

{¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby reversed, and the matter is remanded to said court to consider the child's wishes under its change in circumstances analysis.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, J. concur.

EEW/db