[Cite as *Winn v. Wilson*, 2016-Ohio-7545.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STACEY WINN, | : | |
| Petitioner-Appellee, | : | CASE NO. CA2016-03-066 |
| | : | O P I N I O N |
| - vs - | | 10/31/2016 |
| | : | |
| EDWIN WILSON, | : | |
| Respondent-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DV15060419

Repper, Pagan, Cook, Ltd., Melynda W. Cook, 1501 First Avenue, Middletown, Ohio 45044, for petitioner-appellee

Lampe Law Office, Adam C. Gedling, 1248 Nilles Road, Suite 7, Fairfield, Ohio 45014, for respondent-appellant

**RINGLAND, J.**

{¶ 1} Respondent-appellant, Edwin Wilson ("Father"), appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his request for attorney fees. For the reasons detailed below, we affirm.

{¶ 2} Father and Stacey Winn ("Mother") are the parents of E.W. (born February 22, 2005) and B.W. (born March 20, 2002). Father and Mother divorced in 2008 and have a

shared parenting plan providing equal parenting time.

{¶ 3} During the week of May 16, 2015, the children stayed with Father. That weekend, Father's autistic, adult brother, Jimmy, came for an overnight visit. During the day on Saturday, Jimmy became extremely intoxicated at a neighbor's house and returned to Father's house to lay down on the couch. According to E.W. and B.W., they observed Father become irate at Jimmy. Testimony provided by the children indicated that Father lifted Jimmy from the couch, placed him in a chokehold, and punched him several times in the back of the head. The children testified that they heard the violent altercation and feared for their own safety based on prior displays of Father's aggression.

{¶ 4} As a result of the incident, the children's Paternal Grandfather, Jimmy's legal guardian, filed a petition for a Civil Protection Order ("CPO") on Jimmy's behalf. On the date of the hearing, the children appeared at the courthouse to testify in support of the CPO and provide details of the altercation. Paternal Grandfather, acting pro se, chose not to call Jimmy or the children to testify at the hearing. The trial court ultimately denied that CPO petition.

{¶ 5} Following the hearing, the children expressed concern to Mother, indicating that they were afraid to see Father because he now knew that the children had informed others about the altercation with Jimmy. Mother informed authorities of her concerns and was advised that she could seek a Domestic Violence Civil Protection Order ("DVCPO") in favor of the children against Father. Mother subsequently filed a DVCPO, and following the testimony of the children at an ex parte hearing, the trial court granted a temporary DVCPO.

{¶ 6} A final hearing on the DVCPO was held in which the children and Father testified. The children testified about the incident with Jimmy, prior perceived instances where Father abused their animals, and other instances of aggression. The children indicated that they were afraid of Father and were in counseling to help them understand

their feelings. Father, in his testimony, denied any wrongdoing in his altercation with Jimmy. Instead, Father claimed that he had merely placed Jimmy in a "fireman's hold" to get him downstairs due to Jimmy's extreme alcohol impairment. After taking the matter under advisement, the magistrate found the evidence was not sufficient to support the issuance of a DVCPO.

{¶ 7} Father subsequently filed a motion for attorney fees, claiming that the filing of the DVCPO was frivolous. Following a hearing, the magistrate awarded Father attorney fees of $9,727.50. Mother filed objections to the award of attorney fees. After reviewing the record, the trial court overruled the magistrate's decision and denied Father's motion for attorney fees. Father now appeals, raising a single assignment of error for review.

{¶ 8} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING PETITIONER DID NOT ENGAGE IN FRIVOLOUS CONDUCT WHEN PETITIONER PROVIDED NO EVIDENCE TO SUPPORT HER CLAIM THAT THE CHILDREN SUFFERED A MENTAL INJURY.

{¶ 9} In his sole assignment of error, Father argues the trial court erred by overruling the magistrate's decision and denying his motion for attorney fees. We find Father's argument to be without merit.

{¶ 10} R.C. 2323.51(B)(1) provides that a court may award costs, reasonable attorney fees, and other reasonable expenses incurred in connection with a civil action to a party adversely affected by frivolous conduct. As relevant here, "frivolous conduct" includes conduct that satisfies the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal

of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 11} Review of a trial court's decision regarding frivolous conduct involves mixed questions of law and fact. *In re A.D.B.*, 12th Dist. Butler No. CA2015-10-180, 2016-Ohio-7186, ¶ 35. The trial court's factual determinations are accorded a degree of deference and will not be disturbed on appeal if there is competent, credible evidence in the record to support them. *Judd v. Meszaroz*, 10th Dist. Franklin No. 10AP-1189, 2011-Ohio-4983, ¶ 18. "However, we review legal questions de novo, such as whether a party's conduct satisfies the statutory definition of frivolous conduct." *In re A.D.B.* at ¶ 35; *Slye v. London Police Dept.*, 12th Dist. Madison No. CA2009-12-027, 2010-Ohio-2824, ¶ 25. "When an inquiry is purely a question of law, an appellate court need not defer to the judgment of the trial court." *Id.*

{¶ 12} As noted above, the magistrate initially granted Father's motion for attorney fees. The trial court reversed the magistrate's decision and found that Mother's petition for a DVCPO was not frivolous. In so doing, the trial court found:

> In the case at hand, this court has carefully reviewed the transcripts from the final CPO hearing as well as the hearing held October 5, 2015 regarding attorney fees. After thorough review of the transcript(s), this Court finds the record is replete with testimony from minor children, [E.W.] and [B.W.], Uncle Jimmy, [and Mother] describing the events. [E.W.] and [B.W.] both asserted their fears and reported the need for counseling. The magistrate was not persuaded and found [Mother] failed to establish, by the requisite preponderance of the evidence, that [Father] engaged in acts and behaviors that constitute domestic violence directed toward the minor children. This Court affirmed the finding that [Mother] failed to provide sufficient evidence. The insufficiency of the evidence does not rise to the level of

- 4 -

frivolous conduct. The record does not support a finding [Mother's] motives or conduct served to harass or maliciously injure [Father] nor does the record support the allegations in the petition have no evidentiary support. As outlined above, the evidence existed but merely not persuasive enough to support a finding.

{¶ 13} Based on our review of the record, we agree with the trial court and concur with its findings. Mother presented evidence detailing significant concerns with Father's conduct and its impact on the children. The testimony of the children indicates that they were "terrified" of Father because they informed others about the incident involving Jimmy and were willing to testify at the CPO hearing. While Mother was ultimately unable to meet the burden of proof required to grant a DVCPO, Father was not entitled to an award of attorney fees. It is well-established that "[s]anctions are not warranted under R.C. 2323.51 merely because Mother was unable to persuade the trial court to grant her motion after it weighed the evidence." *Eastwood v. Eastwood*, 9th Dist. Summit No. 25310, 2010-Ohio-6492, ¶ 15, citing *Callahan v. Akron Gen. Med. Ctr.*, 9th Dist. Summit Nos. 24434 and 24436, 2009-Ohio-5148, ¶ 45. Here, there was conflicting evidence in the record regarding an appropriate issue for judicial resolution and the trial court did not err by denying Father's request for attorney fees. Accordingly, we find Father's sole assignment of error to be without merit and it is hereby overruled.

{¶ 14} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.