[Cite as *Hitchcock v. Hitchcock*, 2025-Ohio-2668.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JENNIFER HITCHCOCK | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| ANDREW HITCHCOCK | : | Case No. 2025 AP 04 0015 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case No. 2018TC030108

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     July 29, 2025

APPEARANCES:

For Plaintiff-Appellee

DAN GUINN
232 West 3rd Street
Suite 312
Dover, OH  44622

For Defendant-Appellant

ANDREW HITCHCOCK, PRO SE
4043 Boltz Orchard Road SW
Sugar Creek, OH  44681

*King, J.*

{¶ 1}   Defendant-Appellant, Andrew Hitchcock ("father"), appeals the March 20, 2025 judgment entry of the Court of Common Pleas of Tuscarawas County, Ohio. Plaintiff-Appellee is Jennifer Hitchcock ("mother").  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 18, 2019, the parties were granted a divorce; the trial court adopted the parties' separation agreement and shared parenting plan for their one child.

{¶ 3}   On August 2, 2021, mother filed a motion to terminate the shared parenting plan and be named the legal custodian and residential parent of the child.  By agreed judgment entry filed March 21, 2022, the shared parenting plan was terminated and mother was named the legal custodian and primary residential parent of the child; a visitation schedule was established for father.

{¶ 4}   On July 15, 2022, father filed a motion to modify the agreement regarding the child's schooling and the exchange point for visitation.  On December 13, 2022, mother filed a motion to modify father's parenting time to eliminate the mid-week visitation. By agreed judgment entry filed July 10, 2023, the parties agreed to keep the March 21, 2022 agreement in effect and all pending motions were dismissed.

{¶ 5}   On January 29, 2024, father filed a motion for change of parental rights and responsibilities; father was concerned with mother's mental instability, her use of marijuana around the child, her spreading of lies to court officials to gain custody, and her denial of his first right of refusal.  On April 2, 2024, mother filed motions to modify father's parenting time, for father to complete a psychological examination, and for attorney fees.

On April 19, 2024, father filed motions to dismiss all of mother's motions, but during an April 29, 2024 hearing, agreed to submit to a psychological evaluation.

{¶ 6} On June 20, 2024, father filed a motion to show cause for contempt against mother for disparaging him in court. On September 18, 2024, father filed a motion for mother to pay half of all the guardian ad litem fees and a motion for summary judgment on his motion for change of parental rights and responsibilities.

{¶ 7} A hearing before a magistrate was held on September 27, 2024. By decision filed November 27, 2024, the magistrate denied father's motion for change of parental rights and responsibilities, finding he did not present sufficient evidence to demonstrate a change of circumstances, denied mother's motion to modify father's parenting time, made a minor modification to father's visitation time, granted mother attorney fees in the amount of $500, and ordered the parties to equally pay the guardian ad litem fees above the $1,500 deposit already paid by father. The magistrate also denied father's motion to show cause for contempt, finding he did not prove his allegations by clear and convincing evidence. The magistrate assessed court costs to both parties equally.

{¶ 8} Both parties filed objections. Mother objected to the minor modifications made to father's mid-week visitations. Father objected to the issues not found in his favor. A hearing before the trial court was held on March 3, 2025. By judgment entry filed March 20, 2025, the trial court found the magistrate's findings were supported by the evidence in the record. Based upon an independent analysis and review of the file, the trial court approved and adopted the magistrate's decision with a minor modification in favor of father pertaining to the exchange point for father's mid-week visitation.

{¶ 9} Father filed an appeal with the following assignments of error:

I

{¶ 10} "THE TRIAL COURT ERRED IN NOT FINDING THERE HAD BEEN A CHANGE IN CIRCUMSTANCES."

II

{¶ 11} "THE TRIAL COURT ERRED BY NOT NAMING DEFENDANT CUSTODIAL/RESIDENTIAL PARENT."

III

{¶ 12} "THE TRIAL COURT ERRED BY NOT FINDING THE BEST INTERESTS OF THE CHILD."

IV

{¶ 13} "THE TRIAL COURT ERRED BY NOT APPLYING THE SHARED PARENTING PLAN PROPOSED BY THE DEFENDANT WHEN SHARED/EQUAL PARENTING IS IN THE CHILD'S BEST INTERESTS."

V

{¶ 14} "THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO THE PLAINTIFF."

VI

{¶ 15} "THE TRIAL COURT ERRED BY HAVING THE DEFENDANT PAY ALL GUARDIAN AD LITEM FEES."

VII

{¶ 16} "THE TRIAL COURT ERRED IN NOT FINDING PLAINTIFF IN CONTEMPT FOR DISPARAGING THE DEFENDANT IN COURT WITH FALSE ACCUSATIONS."

VIII

{¶ 17} "THE TRIAL COURT ERRED IN NOT FINDING THAT CHANGING THE CHILD BACK TO HIS PREVIOUS SCHOOL WOULD BE BENEFICIAL FOR EVERYONE AND IN THE CHILD'S BEST INTERESTS."

IX

{¶ 18} THE TRIAL COURT ERRED IN [NOT] FINDING PLAINTIFF ILLEGALLY USES MARIJUANA AND ILLEGALLY HAS A FIREARM."

X

{¶ 19} "THE TRIAL COURT ERRED IN NOT FINDING THAT PLAINTIFF IS TO PAY THE FULL EXPENSE OF THE PSYCHOLOGICAL EXAMINATION."

{¶ 20} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E) provides in relevant part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 21} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association*, 11 Ohio App.3d 158 (10th Dist. 1983).

{¶ 22} This appeal shall be considered in accordance with the aforementioned rule.

I, II, III, IV

{¶ 23} In his first assignment of error, father claims the trial court erred in not finding a change in circumstances.

{¶ 24} In his second assignment of error, father claims the trial court erred in not naming him custodial/residential parent.

{¶ 25} In his third assignment of error, father claims the trial court erred in not finding the best interests of the child.

{¶ 26} In his fourth assignment of error, father claims the trial court erred in not applying his proposed shared parenting plan.

{¶ 27} We disagree with father's arguments under these assignments of error.

{¶ 28} A trial court reviews a motion to change parental rights and responsibilities under R.C. 3109.04(E)(1)(a) which states as follows:

(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 29} As stated by our colleagues from the Tenth District in *Wyss v. Wyss*, 3 Ohio App.3d 412, 416 (10th Dist. 1982):

The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of children, even though the parent out of custody may be able to prove that he or she can provide a better environment.

{¶ 30} Therefore, in determining whether to make a modification, a trial court must consider (1) whether a change in circumstances has occurred, (2) whether a modification is in the child's best interest, and (3) whether the benefits that result from the change of

environment outweigh any harm. As explained by this court in *Oyler v. Lancaster*, 2020-Ohio-758, ¶ 24 (5th Dist.):

R.C. 3109.04 does not define the concept of "change in circumstances." However, Ohio courts have held the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." *Wyss v. Wyss*, 3 Ohio App.3d 412, 445 N.E.2d 1153 (10th Dist.1982). Additionally, the change of circumstances must be "one of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997).

{¶ 31} "In determining whether a 'change' has occurred, a trial judge must have wide latitude in considering all the evidence, and the court's decision must not be reversed absent an abuse of discretion." *In re A.P.*, 2019-Ohio-139, ¶ 23 (2d Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 32} As explained by this court in *B.S. v. M.M.,* 2021-Ohio-176, ¶ 23 (5th Dist.):

The trial court is "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Deferential review in a child custody determination is especially crucial "where there may be much evidence by the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997). We are mindful that the knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record, and the reviewing court should be guided by the presumption that the trial court's findings were correct. *See, Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

{¶ 33} By an agreed judgment entry filed March 21, 2022, the parties agreed to terminate the shared parenting plan and name mother the legal custodian and primary residential parent of the child with visitation to father. Thereafter, the parties filed motions to modify the agreement. By agreed judgment entry filed July 10, 2023, the parties agreed to keep the March 21, 2022 agreement in effect and any pending motions were dismissed.

{¶ 34} On January 29, 2024, father filed a motion for change of parental rights and responsibilities. Father argued a change in circumstances because of mother's mental

instability, her use of marijuana around the child, her spreading of lies to court officials to gain custody, and her denial of his first right of refusal.

{¶ 35} Following a hearing on September 27, 2024, the magistrate concluded, "there has not been any change of circumstances for the child or residential parent since the prior court order" and therefore, the trial court was without authority to modify parental rights and responsibilities. November 27, 2024 Magistrate's Decision at 18, approved and adopted by the trial court by Judgment Entry filed March 20, 2025. A review of the transcript of the magistrate's hearing supports this conclusion.

{¶ 36} The magistrate questioned father on the alleged change in circumstances listed in his motion; father was unable to present any evidence on the allegations after the July 10, 2023 agreed judgment entry. September 27, 2024 T. at 12-14. Father's challenge to mother's mental instability was based on his experience with her during their marriage, but there was no testimony as to mother's mental instability after the July 10, 2023 agreed judgment entry. *Id.* at 13, 35-36. In fact, he admitted to having no knowledge of mother's current mental state. *Id*. at 36. On the issue of marijuana, father testified the child told him mother smoked marijuana while driving in the car with the child present and father observed mother driving around with all the car windows open. *Id*. at 6-7, 13. But father admitted he never observed mother smoking marijuana while driving and he had no proof of mother smoking around the child. *Id*. at 35, 42-43, 45-46. Father also admitted to knowing mother had a medical marijuana card for a few years, but still agreed to the July 10, 2023 custody arrangement. *Id*. at 43-45. The child did not mention mother's marijuana use to the guardian ad litem. *Id*. at 68. Mother's boyfriend of over four years testified he never observed mother using marijuana around the child or while

driving. *Id.* at 80, 84. Mother testified she had a medical marijuana card for her PTSD, but never smoked marijuana around the child or in the car; she usually consumed gummies. *Id.* at 87-88. Mother stated as far as she knew, "the child has no idea what marijuana is." *Id.* at 98.

{¶ 37} When father was asked besides the marijuana smoking, what change in circumstances has occurred, father replied, "I don't know." *Id.* at 43. Father admitted that if his motion was denied, he would just file another one in the future. *Id.* at 53.

{¶ 38} In reviewing the testimony presented, we find the trial court did not abuse its discretion in not finding a change in circumstances as father failed to meet his burden to show "an event, occurrence, or situation which has a material and adverse effect" upon the child. *See Oyler*, 2020-Ohio-758, at ¶ 24 (5th Dist.).

{¶ 39} Because a change in circumstances was not found, the trial court was not required to conduct a best interest analysis. *Matter of E.M.*, 2025-Ohio-1810, ¶ 23 (2d Dist.); *Blevins v. Figueroa*, 2022-Ohio-1907, ¶ 15 (5th Dist.); *Thompson v. Thompson*, 2019-Ohio-274, ¶ 29 (5th Dist.) (there must be an initial threshold showing of a change in circumstances).

{¶ 40} Upon review, we find the trial court did not err in not finding a change in circumstances and in not modifying the parties' parental rights and responsibilities.

{¶ 41} Assignments of Error I, II, III, and IV are denied.

V

{¶ 42} In his fifth assignment of error, father claims the trial court erred in awarding attorney fees to mother. We disagree.

{¶ 43} In a motion filed April 2, 2024, mother requested attorney fees under R.C. 2323.51 for having to defend father's frivolous motion for change of parental rights and responsibilities. R.C. 2323.51(B)(1) provides for an award of attorney fees incurred in a civil action to a party adversely affected by frivolous conduct. Under R.C. 2323.51(A)(2)(a), "frivolous conduct" is conduct that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 44} The magistrate correctly noted under R.C. 2323.51(B)(2)(a), she was required to analyze: (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award. *See Massouh v. Thomas,* 2010-Ohio-3107, ¶ 70 (5th Dist.); November 27, 2024 Magistrate's Decision at Conclusion of Law No. 13.

{¶ 45} Review of a finding of frivolous conduct involves mixed questions of law and fact. *Winn v. Wilson*, 2016-Ohio-7545, ¶ 11 (12th Dist.), citing *In re A.D.B.,* 2016-Ohio-7186, ¶ 35 (12th Dist.). "The trial court's factual determinations are accorded a degree of deference and will not be disturbed on appeal if there is competent, credible evidence in the record to support them"; legal questions are reviewed de novo. *Id.* citing *Judd v. Meszaros*, 2011-Ohio-4983, ¶ 18 (10th Dist.).

{¶ 46} The magistrate noted father filed his motion for a change of parental rights and responsibilities on January 29, 2024, less than seven months after signing the agreed judgment entry on July 10, 2023, agreeing to keep mother as legal custodian and primary residential parent of the child. November 27, 2024 Magistrate's Decision at Finding of Fact No. 4. The magistrate further noted father's motion "is based primarily upon concerns that he has raised multiple times since this divorce was initially filed in 2018." *Id.*

{¶ 47} Mother requested $1,000 for attorney fees. *Id.* at Finding of Fact No. 20. After finding no evidence of a change in circumstances, the magistrate awarded mother $500 for attorney fees, finding father "has repeatedly brought the same issues before the Court, despite a lack of change of circumstances, which has created constant re-litigation of issues that have already been determined by the Court." *Id.* at page 19. The

magistrate found father's "actions were frivolous and resulted in unnecessary attorney fees and guardian ad litem fees." *Id.*

{¶ 48} Based upon the state of the record, we cannot find the trial court erred in finding father engaged in frivolous conduct. Father's arguments in support of a change in circumstances were based on allegations or other factual contentions that had no evidentiary support or were not warranted by the evidence. R.C. 2323.51(A)(2)(a)(iii) and (iv). Mother was required to defend against the motion and incurred attorney fees to do so. Upon review, we do not find the trial court erred in awarding mother half of the attorney fees she had requested. Father did not contest the reasonableness of the amount.

{¶ 49} Assignment of Error V is denied.

VI

{¶ 50} In his sixth assignment of error, father claims the trial court erred in ordering him to pay all of the guardian ad litem fees. We disagree.

{¶ 51} Civil Rule 75(B)(2) states the court may "appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs." The trial court has discretion over the amount of the guardian ad litem fees, as well as the allocation to either or both of the parties. *Karales v. Karales*, 2006-Ohio-2963 (10th Dist.). We review an award of guardian ad litem fees under an abuse of discretion standard. *In re S.B.*, 2011-Ohio-1162 (11th Dist.).

{¶ 52} On September 18, 2024, father filed a motion for mother to pay half of all the guardian ad litem fees and during the hearing, argued mother should have to pay half of the fees because "[t]hat's the way it usually is and that's the way we agreed to in the last hearing." September 27, 2024 T. at 17.

{¶ 53} The magistrate noted father was ordered to pay all guardian ad litem fees in a March 26, 2024 order.  November 27, 2024 Magistrate's Decision at Finding of Fact No. 22.  The magistrate further noted the appointment of a guardian was necessitated by father filing the motion for a change of parental rights and responsibilities.  *Id.*  The magistrate denied father's motion for guardian ad litem fees and court costs, but then determined "that the parties should equally split any fees incurred above the $1,500.00 deposit already paid" by father; so, the magistrate assessed some guardian ad litem fees to mother.  *Id.* at page 19.

{¶ 54} Upon review, we do not find the trial court abused its discretion in ordering the parties to equally split the guardian ad litem fees incurred above $1,500.

{¶ 55} Assignment of Error VI is denied.

VII

{¶ 56} In his seventh assignment of error, father claims the trial court erred in not finding mother in contempt for making disparaging remarks about him in court.  We disagree.

{¶ 57} A trial court's decision in a contempt proceeding is reviewed for an abuse of discretion.  *In re A.N.*, 2013-Ohio-3816, ¶ 8 (8th Dist.), citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981).

{¶ 58} Father testified mother lied and made disparaging remarks about him to court personnel and in court hearings.  September 27, 2024 T. at 13, 19-20, 36-37, 48, 77.  The magistrate found father did not prove his motion to show cause and even if he had presented additional evidence of the matters alleged by him, a finding of contempt for mother's statements "made as part of these legal proceedings would not be

appropriate." November 27, 2024 Magistrate's Decision at page 19. We agree. Father's complaints pertain to mother's statements/testimony/comments made to the court or court personnel in her defense or in furtherance of her claims that are subject to cross-examination and/or credibility review. There is no testimony or evidence to suggest she made disparaging remarks about father to the child.

{¶ 59} Upon review, we find the trial court did not abuse its discretion in not finding mother in contempt.

{¶ 60} Assignment of Error VII is denied.

### VIII

{¶ 61} In his eighth assignment of error, father claims the trial court erred in not finding that changing the child's school would be in the child's best interests. We disagree.

{¶ 62} As stated above, the trial court was not required to conduct a best interest analysis in light of no change in circumstances. *Matter of E.M.*, 2025-Ohio-1810, at ¶ 23 (2d Dist.); *Blevins*, 2022-Ohio-1907, at ¶ 15 (5th Dist.); *Thompson*, 2019-Ohio-274, at ¶ 29 (5th Dist.) (there must be an initial threshold showing of a change in circumstances).

{¶ 63} Assignment of Error VIII is denied.

### IX

{¶ 64} In his ninth assignment of error, father claims the trial court erred in not finding mother illegally uses marijuana and illegally has a firearm. We disagree.

{¶ 65} Mother testified to having a medical marijuana card for a number of years and father admitted to being aware of it. September 27, 2024 T. at 43, 87. Further, Ohio

voters legalized recreational marijuana use in the November 2023 election (Issue 2).  *See* R.C. Ch. 3780.  The testimony demonstrates mother does not illegally use marijuana.

{¶ 66} Father did not raise the issue of an illegal firearm in his motion to change parental rights and responsibilities.  He questioned mother about it during the hearing and then raised it in his objections to the trial court.  Mother testified she had a firearm registered in her name prior to obtaining her medical marijuana card, but it was no longer in her home, it was at her cousin's house.  September 27, 2024 T. at 99.  The guardian ad litem testified she did not see a firearm in mother's home.  *Id*. at 67.  The testimony demonstrates mother does not illegally have a firearm.

{¶ 67} Assignment of Error IX is denied.

X

{¶ 68} In his tenth assignment of error, father claims the trial court erred in not finding mother should pay the full expense of his psychological examination.  We disagree.

{¶ 69} Father argues he agreed to submit to a psychological evaluation because mother had agreed to pay the costs in full.  Appellant's Brief at 7, 12, and 14.

{¶ 70} During an April 29, 2024 hearing, father agreed to submit to a psychological evaluation.  April 29, 2024 T. at 7-8.  The magistrate did not make any decision as to who would pay the costs of the evaluation.  During a June 10, 2024 hearing, the issue of who was responsible to pay for the evaluation was raised to the magistrate.  June 10, 2024 T. at 3-4, 8.  Mother indicated she was willing to pay half of the costs and when the magistrate asked father if that was acceptable, father responded in the affirmative.  *Id.* at

9.  By order filed June 13, 2024, the magistrate assessed the costs of father's evaluation equally between the parties.

{¶ 71} Father did not object to the June 13, 2024 order.  Instead, on January 3, 2025, father filed a motion for costs of psychological evaluation, stating he never received the June order.  A hearing before a magistrate was held on February 18, 2025.  The magistrate informed father he never objected to the June order.  February 18, 2025 T. at 9-10.

{¶ 72} On February 21, 2025, father filed a motion for leave to object to the June order.

{¶ 73} By decision filed February 25, 2025, the magistrate found father never objected to the June order and denied father's January 3, 2025 motion as moot.

{¶ 74} By judgment entry filed March 20, 2025, the trial court treated father's motion for leave as a motion to set aside a magistrate's order under Civ.R. 53(D)(2)(b).  The trial court found father had ten days after the filing of the order to file the motion for leave so it should have been filed on or before June 24, 2024.  The trial court noted father argued he was not aware of the June order until January 3, 2025, but he filed his motion for leave on February 21, 2025, more than ten days after the discovery date.  The trial court found father's motion for leave was untimely, denied the motion, and found the June order should remain in effect until further order of the court.

{¶ 75} By a separate judgment entry filed March 20, 2025, the trial court approved and adopted the magistrate's February 25, 2025 decision ordering father to pay half of his psychological evaluation.

{¶ 76} Upon review, we find the trial court did not abuse its discretion in ordering the parties to equally share the costs of father's psychological evaluation.

{¶ 77} Assignment of Error X is denied.

{¶ 78} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.